UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STUART GREENBERG, on behalf of
himself and all others similarly
situated,

       Plaintiff,

v.                        Case No. 8:14-cv-795-T-33TBM

PIKE ELECTRIC CORPORATION, a
foreign profit corporation, ET
AL.,

       Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff
Stuart Greenberg's Motion to Dismiss Counterclaims (Doc.
# 36), filed on December 15, 2014. On January 9, 2015,
Defendant UC Synergetic, Inc. filed a response in opposition
to the Motion. (Doc. # 40). For the reasons that follow, the
Motion is granted in part and denied in part.

**I.**   **Background**

On April 3, 2014, Plaintiff initiated this action for
unpaid overtime compensation pursuant to the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. § 207(a). (Doc. # 1).
Plaintiff alleges that he was hired by Defendant UC
Synergetic, Inc. in March of 2011 to locate, inspect, and map
decrepit utility poles. (Id. at ¶¶ 13-14, 22). Plaintiff was
typically paid at a piece-rate of $23.00 per pole, based on
the assumption that each job assignment took no more than one

hour. (Id. at ¶¶ 26-28). Plaintiff alleges that he regularly completed more than forty assignments in a week, and that the time it took to complete an assignment routinely lasted longer than one hour. (Id. at ¶¶ 29-30). Despite working more than 40 hours per week, Plaintiff alleges that he did not receive proper overtime compensation. (Id. at ¶ 35).

On November 24, 2014, Defendants filed an Amended Answer and Affirmative Defenses, which included Counterclaims by Defendant UC Synergetic, Inc. for conversion (Count I), fraud (Count II), and unjust enrichment (Count III). (Doc. # 34 at 18-19, ¶¶ 16-29). In particular, Defendant alleges that Plaintiff falsely reported on his verified time sheets that he performed more field audits than he actually completed, resulting in a significant overpayment to Plaintiff. (Id. at 17, ¶¶ 10-11).

In the Motion to Dismiss, Plaintiff argues that the Counterclaims are subject to dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. # 36). The Motion is ripe for the Court's review.

## II.  Legal Standard

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v.

2

<u>Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004).

Further, this Court favors the plaintiff with all reasonable

inferences from the allegations in the complaint.  <u>Stephens v.

Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir.

1990) ("On a motion to dismiss, the facts stated in [the]

complaint and all reasonable inferences therefrom are taken as

true.").  However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6)
> motion to dismiss does not need detailed factual
> allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action
> will not do. Factual allegations must be enough to
> raise a right to relief above the speculative
> level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal

citations omitted).  Further, courts are not "bound to accept

as true a legal conclusion couched as a factual allegation."

<u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

In accordance with <u>Twombly</u>, Federal Rule of Civil

Procedure 8(a) calls "for sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its

face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (quoting

<u>Twombly</u>, 550 U.S. at 570).  A plausible claim for relief must

include "factual content [that] allows the court to draw the

reasonable inference that the defendant is liable for the

misconduct alleged."  <u>Id.</u>

III. **Analysis**

1. **Conversion (Count I)**

"[C]onversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." Nat'l Union Fire Ins. Co. of Pa. v. Carib. Aviation, Inc., 759 F.2d 873, 878 (11th Cir. 1985) (quoting Senfeld v. Bank of N.S. Trust Co. (Cayman), 450 So. 2d 1157, 1160-61 (Fla. 3d DCA 1984)). When a conversion claim is based on money, as in this case, the claim "requires proof that the funds are specific and identifiable." Tambourine Comercio Internacional SA v. Solowsky, 312 F. App'x 263, 271 (11th Cir. 2009). "The fact that the amount is certain does not make an 'identifiable fund.'" Fla. Desk, Inc. v. Mitchell Int'l, Inc., 817 So. 2d 1059, 1061 (Fla. 5th DCA 2002). "Money is capable of identification where it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit, or where the wrongful possession of such property is obtained." Tambourine Comercio Internacional SA, 312 F. App'x at 272 (quoting Belford Trucking Co. v. Zagar, 243 So. 2d 646, 648 (Fla. 4th DCA 1970)).

Defendant fails to allege that Plaintiff converted the requisite "specific and identifiable funds." Tambourine Comercio Internacional SA, 312 F. App'x at 272. Rather,

4

Defendant alleges only that it paid Plaintiff for work that Plaintiff had not completed, resulting in "damages in the amount of the overpayment made to Greenberg." (Doc. # 34 at 18, ¶¶ 18, 20). This does not suffice to state a conversion claim. See Id.; see also Ingle v. Janick, No. 2:14-cv-544-FTM-38-DNF, 2014 WL 6476223, at *3 (M.D. Fla. Nov. 19, 2014) (dismissing claim for conversion based, in part, on wages paid due to falsified time sheets).

On the other hand, Plaintiff identifies no legal authority in support of his blanket assertion that "over payment of monies to a worker does not constitute a claim for conversion." (Doc. # 36 at 3). Indeed, there exists authority for allowing such a claim to proceed — assuming the necessary facts are pled. See Beltran v. Medcure, Inc., No. 6:13-cv-234-Orl-28DAB, 2013 WL 3833208, at *1 (M.D. Fla. July 23, 2013) (holding that defendant adequately stated a counterclaim for conversion of overpaid wages, where counterclaim identified specific sums); Grosharev v. Wilson's Ltd., Inc., No. 3:08-cv-1219-J-MCR, 2010 WL 2136434, at * 2 (M.D. Fla. May 27, 2010) (allowing claim for conversion where employee embezzled funds); cf. Allen v. Gordon, 429 So. 2d 369, 371 (Fla. 1st DCA 1983) (holding that conversion took place when defendant withdrew money from separate and ascertainable accounts).

5

Accordingly, Defendant's conversion claim (Count I) is dismissed without prejudice and with leave to amend.

## 2. <u>Fraud (Count II)</u>

As to Count II, Plaintiff argues that Defendant's fraud claim is barred by the economic loss rule. (Doc. # 36 at 4-5). However, Plaintiff relies on authority pre-dating a 2013 decision by the Florida Supreme Court, which held "that the application of the economic loss rule is limited to products liability cases." <u>Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Companies, Inc.</u>, 110 So. 3d 399, 407 (Fla. 2013). As a result, the economic loss rule does not support dismissal of Defendant's fraud claim.

Plaintiff also argues that the fraud claim is insufficiently pled under Rule 9(b), which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Fraud allegations must be stated with particularity to alert defendants to the "precise misconduct with which they are charged" and to protect defendants "against spurious charges of immoral and fraudulent behavior." <u>Durham v. Bus. Mgmt. Assocs.</u>, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation marks omitted). Rule 9(b) is satisfied if the claim sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making

6

> (or, in the case of omission, not making) same, and
> (3) the content of such statements and the manner
> in which they misled the plaintiff, and (4) what
> the defendants obtained as a consequence of the
> fraud.

Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir.
2001) (citing Brooks v. BCBS Fla., Inc., 116 F.3d 1364, 1371
(11th Cir. 1997)).

Plaintiff correctly argues that Count II fails to
identify the time and place of the alleged fraud. (See Doc.
# 36 at 5). In relevant part, Count II alleges only that
"Greenberg made a false statement of material fact when he
conveyed to [Defendant] that he had completed field audits of
utility poles that he had not actually completed and requested
payment for same." (Doc. # 34 at 19, ¶ 22). Although
Defendant responds that "the time of Plaintiff's fraud took
place on the dates of the submission of his timesheets" (Doc.
# 40 at 8), the facts of Count II do not contain those
allegations (See Doc. # 34 at 19, ¶¶ 21-24). The allegations
similarly fail to identify the place of the fraud. (See Id.).

Plaintiff further maintains that Defendant fails to
identify what he gained from the consequence of the alleged
fraud. (Doc. # 36 at 5). Count II does allege that Plaintiff
"requested payment" and that Defendant was "damaged by relying
on" Plaintiff's misrepresentations. (Doc. # 34 at 19, ¶¶ 22,
24). Nonetheless, these allegations do not identify with

specificity what Plaintiff actually gained from the alleged fraud.  Cf. State Farm Mut. Auto. Ins. Co. v. Comprehensive Physician Servs., Inc., No. 8:14-cv-2381-T-30AEP, 2014 WL 7070832, at *2 (M.D. Fla. Dec. 15, 2014) (holding that fraud claim was sufficiently pled where the complaint identified over 400 claims containing allegedly false statements, including the claim number and amount paid).

Accordingly, Defendant's fraud claim (Count II) is dismissed without prejudice and with leave to amend.

**3.   Unjust Enrichment (Count III)**

To state a claim for unjust enrichment, Defendant must allege that: (1) Defendant conferred a benefit on Plaintiff, (2) Plaintiff had knowledge of the benefit, (3) Plaintiff accepted or retained the benefit conferred, and (4) the circumstances are such that it would be inequitable for Plaintiff to retain the benefit without paying fair value for it.  Della Ratta v. Della Ratta, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2006).  An unjust enrichment claim is "precluded by the existence of an express contract between the parties concerning the same subject matter."  Diamond "S" Dev. Corp. v. Mercantile Bank, 989 So. 2d 696, 697 (Fla. 1st DCA 2008).

In the Motion to Dismiss, Plaintiff maintains that the parties had an express contract, which included terms governing the payment of wages.  (Doc. # 36 at 5).  As

8

Defendant argues, however, the Counterclaims do not plead the existence of an employment contract, let alone the existence of an employment contract governing the "same subject matter." (Doc. # 40 at 9; <u>see</u> Doc. # 34 at 16-19).  Until an express contract is proven, a motion to dismiss a claim for unjust enrichment is premature.  <u>Williams v. Bear Stearns & Co.</u>, 725 So. 2d 397, 400 (Fla. 5th DCA 1998).

Plaintiff's Motion is therefore denied as to Defendant's unjust enrichment claim (Count III).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiff's Motion to Dismiss (Doc. # 36) is **GRANTED IN PART,** to the extent that Counts I and II of Defendant UC Synergetic, Inc.'s Counterclaim (Doc. # 34) are **DISMISSED WITHOUT PREJUDICE.**  The Motion to Dismiss is otherwise **DENIED.**

(2)   Pursuant to Defendant's request (Doc. # 40 at 3 n.2, 9), Defendant has until and including February 26, 2015 to file its Amended Counterclaims.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of February, 2015.

Virginia M. Hernandez Covington

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record